IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | CRIMINAL ACTION NO. 6:01CR54(1) |
| BARRY EUGENE BROOKS | § | |

REPORT AND RECOMMENDATION ON
REVOCATION OF SUPERVISED RELEASE

The Government moved to revoke the Defendant Barry Eugene Brooks' supervised release based on violations of his supervised release conditions. On May 24, 2005, the undersigned conducted a revocation hearing. At the hearing, the Government was represented by Assistant United States Attorney Alan Jackson and the Defendant represented himself, with Assistant Federal Defender Wayne Dickey acting as stand-by counsel. At the beginning of the hearing, the Defendant fired Mr. Dickey as his stand-by counsel. It is the recommendation of the undersigned that the Defendant's supervised release be revoked and that the Defendant be sentenced to nine months imprisonment.

*Background*

After being found guilty by the Court to three counts of Failure to File Income Tax Return in violation of 26 U.S.C. § 7203, the Defendant was sentenced on November 20, 2002, by the Honorable T. John Ward, United States District Judge, to twenty-one months of imprisonment to be followed by one year of supervised release. The Defendant completed his term of imprisonment and began serving his term of supervised release on May 14, 2004.

*The Allegations*

United States Probation Officer ("USPO") Charles Fuller alleges that the Defendant violated the conditions of his release that state that he shall not commit another federal, state or local crime and that he shall cooperate with the Internal Revenue Service to file all delinquent income tax returns and pay all of his outstanding taxes, interest and penalties.  In the Petition for Warrant or Summons for Offender Under Supervision, filed on March 24, 2005, Mr. Fuller alleges that the Defendant is practicing dentistry without a license by the Texas State Board of Dental Examiners, which is a Class A Misdemeanor.  Further, Mr. Fuller alleges that the Defendant has refused to cooperate with the Internal Revenue Service to file delinquent income tax returns and has also refused to pay his outstanding tax liability.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  In the present case, the Defendant's original offense was a Class A misdemeanor; accordingly, the maximum sentence the Court may impose is one year imprisonment for each count.  18 U.S.C. § 3583(e).

If the Court finds that the Defendant violated his conditions of supervised release, as alleged, he is guilty of a Grade C violation.  U.S.S.G. § 7B1.1(a).  At the time of his original conviction, the Defendant had a criminal history category of I, with a total offense level of 15.  Section 7B1.4(a) provides a guideline range of three to nine (3-9) months imprisonment for a Grade C violation with a criminal history category of I.[1]

---

[1] It is noted that the recent decision in *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005) does not affect revocations of supervised release.  *See United States v. Edwards*, ___ F.3d ___ (8th Cir.2005); *United States v. Brown*, 2005 WL 518704 (4th Cir.2005); *United States v. Calderon*, 2005 WL 319115 (10th Cir.2005).  The United States Sentencing Guidelines as applied to revocations of supervised release " have always been non-binding, advisory guides to district courts in supervised release revocation proceedings."  *Brown,* 2005 WL 518704, slip op. p. 1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th

*The Hearing*

On May 24, 2005, the Defendant appeared for his final revocation hearing proceeding pro se with Assistant Federal Defender Wayne Dickey serving as stand-by counsel. At the beginning of the hearing, the Defendant fired Mr. Dickey as his stand-by counsel. Prior to the Government presenting its case, the Defendant moved to have The Honorable Magistrate Judge Judith Guthrie recuse herself, which was denied.

By calling several witnesses and offering many documents as evidence, the Government proceeded to prove that the Defendant has been practicing dentistry in Jacksonville, Texas, since his release from incarceration. The Government also presented evidence that the Defendant has refused to cooperate with the Internal Revenue Service to file delinquent income tax returns and has also refused to pay his outstanding tax liability.

The Government's first witness was USPO Charles Fuller, who testified that he supervised the Defendant while on release and that the Defendant did agree to comply with the terms of supervised release. However, it was brought to Mr. Fuller's attention that the Defendant did, in fact, practice dentistry in Texas without a license issued by the Texas State Board of Dental Examiners. Officer Javier Guerra of the Jacksonville Police Department testified that through an undercover operation, he confirmed that the Defendant was practicing dentistry in Jacksonville, Texas, which was a violation of the terms of his supervised release. Officer Guerra further testified that he entered the Defendant's office, made an appointment to have the Defendant work on his teeth, received pricing from the Defendant's receptionist, and was given approximately ten antibiotic pills from the receptionist for pain. At the time he made the appointment, Officer Guerra was given the Defendant's business card, which contained the appointment time and date as well as the pricing information.

---

Cir.1995)); *see also United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only).

The Government also called Lieutenant John Page of the Jacksonville Police Department who oversaw the undercover operation. He testified that he spoke with the Defendant about his dentistry practice as well as complaints filed against the Defendant. Several other dentists in the area had complained to the police that the Defendant was practicing without a license. The Defendant assured Lieutenant Page that he was not practicing dentistry.

Finally, the Government provided evidence that the Defendant had refused to cooperate with the Internal Revenue Service to file delinquent income tax returns and has also refused to pay his outstanding tax liability. Jeff Caid, an Internal Revenue Service agent, testified that he prepared the tax returns for the years in which the Defendant filed delinquent returns. The Defendant even admitted that he received income but that he did not believe that the Occupations Practice Act applied to him. Therefore, he did not pay taxes on his income because he believed it was income excluded from taxation. However, a copy of a five hundred dollar ($500) check from the Defendant to the United States Treasury was admitted as evidence that he did owe taxes.

After the Government rested, the Defendant failed to call any witnesses or produce any evidence. The evidence presented by the Government clearly proves by a preponderance of the evidence that the Defendant violated the terms of his supervised release. The bulk of the Defendant's argument is the conclusory statement that he was not practicing dentistry. Instead, he was working under the ministry of Christ's church and did not need a license from the Texas State Board of Dental Examiners because he was ministering to God's creatures by fixing the temple. The Defendant argued that, according to scripture, the human body is a temple. He further argues that while he agrees with the Internal Revenue Code and the laws of the United States, the Defendant believes that they are misapplied to him. Again, conclusory statements that he is not amenable to the occupations tax constitute the substance of his argument.

*Findings and Conclusions*

The standard to be applied in revocation hearings is preponderance of the evidence. 18 U.S.C. § 3583(e)(3). A revocation hearing is not a formal trial and the usual rules of evidence need not be applied. See *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604 (1972); *United States v. Grandlund*, 71 F.3d 507, 509 (5th Cir. 1995).

Based on the evidence presented at the revocation hearing, I find by a preponderance of the evidence that the allegations that the Defendant committed another crime, specifically, that he practiced dentistry without a valid license, and that he failed to cooperate with the Internal Revenue Service in filing delinquent returns and paying his outstanding tax liability, in violation of his conditions of supervised release, to be true. The Defendant is guilty of a Grade C violation.

The undersigned concludes that the Defendant's supervised release should be revoked. I further find and conclude that the Defendant should be sentenced to a term of nine months imprisonment and that all criminal monetary penalties previously ordered in the final judgment be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

It is recommended that the Defendant's term of supervised release be **REVOKED** and that he be sentenced to nine months of imprisonment.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Auto. Assn.,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So **ORDERED** and **SIGNED** this **25** day of **May, 2005.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE